UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                CASE NO.: 22-17150-PDR

GRECO BUILD INC                                In proceedings under Chapter 11

Debtor.
_____ /

## DEBTOR'S MOTION FOR APPROVAL STIPULATION FOR SETTLEMENT AGREEMENT AND  GENERAL MUTUAL RELEASES

  Greco Build, Inc., the Debtor, through undersigned counsel, files this Motion For

Approval of Stipulation for Settlement Agreement and General Mutual Releases (hereinafter

referred to as the "Settlement") and attached hereto and incorporated herein as **"Exhibit A"** and

states:

  **PROCEDURAL BACKGROUND**

  1. On September 22, 2022, (the "Petition Date"), the Debtor filed a voluntary

petition under title 11, Subchapter V of Chapter 11 of the Bankruptcy Code, Case No.

22-17150-PDR (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern

District of Florida (the "Bankruptcy Court").

  2. Prior to the Petition Date, on May 27, 2021 James Kustin ("Kustin") obtained a

money judgement against Greco Builders, Inc. a dissolved Florida corporation ("Oldco") in the

amount of $350,595.28 (the "Judgment") in the Palm Beach County Circuit Court ("Circuit

Court") in Case No. 50-2018-CA-004473-XXXXX-MB (the "Circuit Court Case").

  3. Prior to the Petition Date, Kustin commenced proceedings supplementary

against Greco Build, Inc. ("NewCo" or the "Debtor"), Thomas Greco ("Greco") and Sharon

McCormick ("McCormick") asserting, among other things, they were responsible for the debts

of Oldco based on various legal theories, including fraudulent transfer under Chapter 726 of the Florida Statutes (the "Proceedings Supplementary").

4.     Kustin moved for relief from the automatic stay, to dismiss the chapter 11, to convert to a chapter 7 or for the appointment of a trustee in the Bankruptcy Case [ECF Nos. 27 and 28] and the Bankruptcy Court granted relief from the automatic stay to Kustin to continue the proceeding supplementary claims against Greco and McCormick [ECF No. 53];

5.     The Debtor filed a chapter 11 plan [ECF No. 64]; and Kustin has a number of objections to the plan.

6.     On June 1, 2023, the parties participated in a judicial settlement conference to resolve the Bankruptcy Case and the pending Proceedings Supplementary.

### Legal Standard for Settlement

Before addressing the substantive legal issues, it is important to note that the Settlement arose from extensive settlement discussions and negotiations between the Settlement Parties. The Settlement was negotiated at arm's-length and approval is in accord with the strong public policy which favors settlement in all types of litigation. *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001).

Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

As the Bankruptcy Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc*., 85 B.R.

2

886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (*citing Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs.,* Inc.), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939).

The legal test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air, 85 Bankr. 891 (quoting Teltronics Servs*., 762 F.2d 189; *Cosoff v. Rodman (In re W.T.* Grant Co.), 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983).

According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)   the probability of success in the litigation;
(b)   the difficulties, if any, to be encountered in the matter of collection;
(c)   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d)   the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). See Jackson Brewing, 624 F.2d 602, quoted in *Arrow* Air, 85 B.R. 891.

In the instant case, each of the four Justice Oaks factors weighs heavily in favor of approval of the Settlement.

### *Probability of Success in Litigation*

The Debtor  believes that approval of the Settlement is in the best interests of the Estate because, among other things, the Settlement eliminates the need for significant litigation and possibly extensive appeals, and while the Debtor believes it more likely than not that he would prevail in such actions, there is no meaningful assurance that any recovery in litigation through

3

appeals (net of fees and costs) would result increase the distribution to the creditors of the Estate.

### *Difficulties, if Any, Associated with Collection*

The Debtor believes that due to the delays caused by the extensive litigation among the parties and the current financial situation of all Settling parties, collection of any judgment would be doubtful. The Debtor does not appear to have recovered from the COVID shutdown, supply chain shortages and increased construction costs due to inflation.

### *Complexity, Expense, Inconvenience and Delay*

As set forth above the Debtor believes the trial of this matter entails significant expense both in presenting a defense and offense. The inconvenience and delay of a associated with a trial  is likely to result in an uncollectible judgment.

### *Paramount Interest of Creditors*

Finally, the Debtor  asserts that the "paramount interest of creditors" prong of the Justice Oaks test is satisfied because the Settlement all but guarantees confirmation of a plan of reorganization and a distribution to creditors of an amount which exceeds any recovery that would result from a  liquidation of the Debtor's estate.

### **RETENTION OF JURISDICTION**

Finally, assuming that the Settlement is approved, the Debtor requests that the Court retain sole and exclusive personal and subject matter jurisdiction to: (a) interpret, implement and enforce (i) the terms and conditions of the Agreement and Settlement, the Motion and the Approval Order, and (ii) all related matters; and (b) adjudicate any and all disputes of  any type arising from or related to (i) the Agreement and Settlement, this Motion and the Approval Order, and (ii) all related matters.

WHEREFORE, the Debtor requests this Honorable Court enter an Order: (1) granting the instant Motion to Approve Settlement in its entirety; (2) finding that the Settlement meets the factors set forth in **In re Justice Oaks II, Ltd.** and falls above the lowest point in the range of reasonableness; and (3) granting such other and further relief as this Court deems just and proper

I hereby certify that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).  I hereby certify that a true copy of the foregoing has been mailed via mail to the attached service list this 25th day of July, 2023.

Susan D. Lasky, Esquire
Attorney for the Debtor
320 SE 18th Street
Fort Lauderdale, FL 33316
(954) 400-7474
(954) 206-0628 Fax

By: *s/Susan D Lasky, Esq. ____*
SUSAN D. LASKY, ESQ.
FLORIDA BAR #451096

# EXHIBIT

# "A"

## STIPULATION FOR SETTLEMENT AGREEMENT AND GENERAL MUTUAL RELEASES

**THIS STIPULATION FOR SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES** (the "Settlement") is entered into on ~~June~~ July 24, 2023 (the "Effective Date"), among Greco Build, Inc., a Florida corporation ("Newco" or the "Debtor"), Greco Builders, Inc., a dissolved Florida corporation ("Oldco"), Thomas Greco (together with any and all trusts, whether revocable or irrevocable, that exist or may exist in which Mr. Greco is the settlor, "Greco"), Sharon McCormick ("McCormick") and James Kustin ("Kustin" ) who collectively shall be referred to ( the "Settling Parties").  Newco, Oldco, Greco, and McCormick shall be collectively referred to as (the "Debtor Parties").

**WHEREAS**, on September 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11, Subchapter V of Chapter 11 of the Bankruptcy Code, Case No. 22-17150-PDR (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

**WHEREAS**, prior to the Petition Date, on May 27, 2021 Kustin obtained a money judgement against Oldco in the amount of $350,595.28 (the "Judgment") in the Palm Beach County Circuit Court ("Circuit Court"). in Case No. 50-2018-CA-004473-XXXXX-MB (the "Circuit Court Case").

**WHEREAS**, prior to the Petition Date, Kustin commenced proceedings supplementary

against Newco, Greco and McCormick asserting, among other things, they were responsible for the debts of Oldco based on various legal theories, including fraudulent transfer under Chapter 726 of the Florida Statutes (the "Proceedings Supplementary").

**WHEREAS** Kustin moved for relief from the automatic stay, to dismiss the chapter 11, to convert to a chapter 7 or for the appointment of a trustee in the Bankruptcy Case [ECF Nos. 27 and 28] and the Bankruptcy Court granted relief from the automatic stay to Kustin to continue the proceeding supplementary claims against Greco and McCormick [ECF No. 53];

**WHEREAS** the Debtor filed a chapter 11 plan [ECF No. 64]; and Kustin has a number of objections to the plan;

**WHEREAS** on June 1, 2023, the parties participated in a judicial settlement conference to resolve the Bankruptcy Case and the pending Proceedings Supplementary.

**WHEREAS**, in the interest of avoiding further costly and time-consuming litigation, the Settling Parties have agreed to the terms set forth in this Settlement.

**NOW, THEREFORE**, in consideration of the foregoing and the agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties, intending to be legally bound, agree as follows:

1.      **Recitals.** The foregoing recitals are true and correct and are incorporated by reference herein.

2.   **Approval by the Bankruptcy Court**. This Settlement Agreement shall be subject to the entry of an Order of the Bankruptcy Court in the Bankruptcy Case which becomes a final and non-appealable order (the "Approval Order"). Within five (5) days of the execution and delivery of this Settlement Agreement by the Settling Parties hereto, the Debtor shall file a motion with the Bankruptcy Court seeking approval of this Agreement and the terms and conditions contained herein. For purposes of this Settlement Agreement, the terms "approve", "approval" and/or "approving" as used in this Settlement Agreement and the Settling Parties obligations hereunder shall be deemed effective upon the date an order of the Bankruptcy Court approving this Settlement Agreement in its entirety becomes a final and non-appealable order of the Bankruptcy Court (hereinafter the "Approval Date"). The Settling Parties hereto agree to use their collective best efforts to obtain Bankruptcy Court approval of this Settlement Agreement.

3.   **Settlement Amount and Payment**.  Commencing within five (5) days of the Approval Date, Greco shall personally commence paying Kustin the total sum of $96,000.00 (the "Settlement Amount") in monthly installments over the period of 60 months as set forth below in full satisfaction of any claim of Kustin against the Debtor Parties as follows: (a) 12 equal consecutive monthly installments of $1,000.00 for the period commencing on the Approval Date and concluding on the one-year anniversary of the Approval Date; and

(b) immediately after the conclusion of one-year anniversary after the Approval Date 48 consecutive monthly installments of $1,750.00. All payments shall be made by the first (1ˢᵗ) day of each month during the 60-month period except the initial settlement payment which is due on the Approval Date.

4.      **Form of Payment and Date of Payment**. The monthly payments shall be made by wire transfer or ACH to James Kustin. The Debtor parties acknowledge receipt of the necessary wire instructions simultaneously provided with the execution of this Settlement Agreement.  Upon payment in full of the Settlement Amount, Kustin shall within 21 days file and serve a Satisfaction of Judgment with the Circuit Court in the Circuit Court Case.

5.      **Payment Default.**  If Kustin does not timely receive a monthly payment as required by paragraph 3 above, and Greco fails to cure the payment default within 15 days of written notice as set forth herein in paragraph 11, Kustin shall be entitled to a Consent Final Judgement for Damages against Greco, individually, and Newco in the amount of $250,000.00 (the "Settlement Default Amount") less any payments made to Kustin directly by Greco or from the state recovery fund.  Greco and Newco waive any and all defenses, counterclaims, defenses, affirmative defenses, and setoffs to the entry of the Consent Final Judgment, and consents to entry of same pursuant to the terms set forth herein.

6.    **Amount Excepted From Discharge of Debts**.  In an effort to avoid continued litigation and in order to bring finality of litigation between the parties, and in the event of a payment default, Greco expressly acknowledges, consents, agrees, represents and warrants that $150,000.00 less any payments made to Kustin directly by Greco or from the state recovery fund out of the Settlement Default Amount is excepted from a bankruptcy discharge and is non-dischargeable under 11 U.S.C. 523 (the "Nondischargeable Debt") regardless of which Chapter under the Bankruptcy Code that Greco may choose to file, including without limitation, a case under Chapter 7, Chapter 11 or Chapter 13 of the Bankruptcy Code. Greco further represents and warrants: (a) that he was represented by bankruptcy counsel of his choosing while negotiating the terms and the amount of the Non-Dischargeable Debt; (b) that he fully understands and consents to this paragraph (paragraph 6) of this Settlement Agreement; (c) that the Non-Dischargeable Debt arises from claims that would otherwise be non-dischargeable under 11 U.S.C. 523, and such claims would satisfy the elements of a non-dischargeability claim ; (d) that this Settlement Agreement was entered into in the context of a workout and forbearance from collection of the Judgement against Greco; (e) that this provision was entered into in contemplation of a potential bankruptcy case of Greco; (f) that his settlement was entered into to avoid the necessity of Greco filing a personal bankruptcy case; (g) that this provision was entered into with the absence of duress, undue influence, mistake, or fraud; and (h) that this provision is subject to the approval of the Bankruptcy Court.

7.    **Dismissal and Abatement of Actions**. Within 14 days of the Approval Date:

a.      The Debtor shall file a motion to dismiss the Bankruptcy Case and each of the Settling Parties will bear their own attorney's fees and costs incurred in connection with the Bankruptcy Case to date and all additional fees and costs which may be incurred by the Settling Parties through the approval of this Settlement; and

b.      Kustin shall seek to abate the State Court Action until the Settlement Amount is paid in full or a Consent Final Judgment in the event of a payment default.  Each of the Settling Parties will bear their own attorney's fees and costs incurred in connection with the State Court Action to date and all additional fees and costs which may be incurred by the Settling Parties through the approval of this Settlement, and the Settling Parties  waive any and all rights to seek attorney's fees and costs against any of the other the Settling Parties under any offers of judgment and/or proposals for settlement in accordance with any applicable Florida Rules of Civil Procedure and/or Florida Statutes.

c.      Abate any action to recover from the State Recovery Fund until the Settlement Amount is paid in full or upon entry of a Consent Judgment in the event of a payment default. Each of the Settling Parties will bear their own attorney's fees and costs incurred in connection with the State Recovery Fund to date and all additional fees and costs which may be incurred by the Settling Parties through the approval of this Settlement, and the Settling Parties waive any and all rights to seek attorney's fees and costs against any of the other Settling Parties under any offers of judgment and/or proposals for settlement in accordance with any applicable Florida Rules of Civil Procedure and/or Florida Statutes.

6

In the event that the Circuit Court Case or Kustin's claim against the Florida Recovery Fund cannot be abated, then the Debtor Parties hereby consent and agree that any and all claims and causes of action that Kustin may have, whether at law or in equity, against the Debtor Parties are hereby legally and equitably tolled until the earlier of (a) the completion of the payments of the Settlement Amount; or (b) the date that is 72 months after the Approval Date.

8.    **Kustin Non- interference** and Mutual Non-disparagement For the term of this agreement Kustin agrees he will not communicate with (a) any current customers of Greco or (b) to any prospective customers in which Greco has an active bid ( "Greco Customers"). If Kustin is asked about the instant dispute by Greco Customers, Kustin shall only respond that "the parties have amicably resolved their dispute." However if Greco defaults under the terms hereof then this provision shall be deemed automatically null and void. If Kustin fails to oblige by the terms of this provision, Greco understands that his only remedy is to seek injunctive relief against Kustin and seek an award of attorney's fees and costs associated with same. Greco may only enforce this provision and seek injunctive relief against Kustin if such action is accompanied by an affidavit from the Greco Customer which Kustin allegedly communicated with. Such affidavit shall (a) provide the date in which such communication occurred; (b) the place such communication occurred; (c) the mode in which such communication occurred; and (d) the exact substance of the communication.

9.    <u>**General Release of Kustin by Debtor Parties**</u>. Upon the Approval Date, the General\ Release as set forth below shall be in full force and effect between the Settling Parties, as follows:

Newco, Oldco, Greco, and McCormick and each of the their respective present and former parents, affiliates, subsidiaries, acquiring entities, principals, partners, spouses, predecessors, successors, officers, directors, members, shareholders, trustees, representatives, employees, agents, professionals, attorneys, accountants, personal representatives and auditors, successors, heirs, beneficiaries, privies and assigns (collectively, the "Debtor Releasing Parties"), for good and valuable consideration received by the Debtor Releasing Parties, hereby remise, release, covenant not to sue, acquit, satisfy, and forever discharge Kustin and his present and former parents, affiliates, subsidiaries, acquiring entities, principals, partners, spouses, predecessors, successors, officers, directors, members, shareholders, trustees, representatives, employees, agents, professionals, attorneys, accountants, personal representatives and auditors, successors, spouses, heirs, beneficiaries, privies and assigns (the "Kustin Released Parties"), of and from all, and all manner of action and actions, cause and causes of action, any and all claims, counterclaims, demands, debts, damages, loss of profits, costs, contract damages, tort claims or choses of action, damages, loss of income, damages to reputation, bad faith damages, exemplary damages, punitive damages, attorneys' fees, costs, interest, suits, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, extents, executions, sums of money, actions, rights, obligations, liabilities, derivative shareholder suits or actions, fraudulent transfer claims, verdicts, judgments, taxable costs, proofs of claim, claims, causes of action or suits in law, admiralty, contract or equity, and demands whatsoever, known or unknown, in law or in equity, arising from and/or under any state or federal statute, common and administrative law or otherwise, of whatever kind or nature, known, unknown or unforeseeable, which any of the Debtor Releasing Parties ever had, now has or have against the Kustin Released Parties, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this General Release including, without limitation, any claims, defenses, that the Debtor Releasing Parties raised or could have raised in the Circuit Court Case or Bankruptcy Case, except for those claims which may arise from any breach of the terms, covenants, or warranties and other

8

obligations under this Settlement.

10.   **General Release of the Debtor Parties by Kustin**. Following the Approval Date and upon full compliance with all terms of this Settlement Agreement, including without limitation, payment of the Settlement Amount in full, the General Release as set forth below shall be in full force and effect between the Settling Parties, as follows:

James I. Kustin and his respective present and former parents, affiliates, subsidiaries, acquiring entities, principals, partners, spouses, predecessors, successors, officers, directors, members, shareholders, trustees, representatives, employees, agents, professionals, attorneys, accountants, personal representatives and auditors, successors, heirs, beneficiaries, privies and assigns ( the "Kustin Releasing Parties"), for good and valuable consideration received by the Kustin Releasing Parties hereby remises, releases, covenants not to sue, acquits, satisfies, and forever discharges the Oldco, Newco, Greco, and McCormick and each of their respective present and former parents, affiliates, subsidiaries, acquiring entities, principals, partners, spouses, predecessors, successors, officers, directors, members, shareholders, trustees, representatives, employees, agents, professionals, attorneys, accountants, personal representatives and auditors, successors, spouses, heirs, beneficiaries, privies and assigns (the "Debtor Released Parties"), of and from all, and all manner of action and actions, cause and causes of action, any and all claims, counterclaims, demands, debts, damages,  loss of profits, costs, contract damages, tort claims or choses of action, damages, loss of income, damages to reputation, bad faith damages, exemplary damages, punitive damages, attorneys' fees, costs, interest, suits, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, extents, executions, sums of money, actions, rights, obligations, liabilities, derivative shareholder suits or actions, fraudulent transfer claims, verdicts, judgments, taxable costs, proofs of claim, claims, causes of action or suits in law, admiralty, contract or equity, and demands whatsoever, known or unknown, in law or in equity, arising from and/or under any state or federal statute, common and administrative law or otherwise, of whatever kind or nature, known, unknown

or unforeseeable, which  the Kustin Releasing Parties ever had, now has or have against the Debtor Released Parties, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this  General Release including, without limitation, such claims that the Kustin Releasing Parties raised or could have raised in the Circuit Court Case and Bankruptcy  Case, except for those claims which may arise from any breach of the terms, covenants, or warranties and other obligations  under this Settlement.

11.     **Miscellaneous**.

**Entire Agreement**.  The Settling Parties hereby acknowledge that this Settlement constitutes the entire agreement by and among the Settling Parties and that there are no communications or oral understandings by or between the Settling Parties contrary to or different from this Settlement.

**Amendment.**   The terms and provisions of this Settlement cannot be amended, modified or supplemented orally or by course of conduct or course of dealing, but only in a writing signed by each of the Settling Parties.

**Waivers**.  The failure of a Party to require performance of any provision of this Settlement shall in no manner affect its right at a later time to enforce such provision.  No waiver by a Party of any condition or of any breach of any term, covenant, representation or warranty contained in this Settlement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term, covenant, representation or warranty.

**Counterparts**. This Settlement may be executed in one or more counterparts, or by the Settling

10

Parties in separate counterparts, each of which when so executed shall be deemed an original, but all of which together shall constitute one and the same instrument.

**Interpretation**.  None of the Settling Parties shall be considered the draftsman of this Settlement, and there shall be no presumption of construing ambiguities or interpretations under this Settlement against a particular Party.

**Assignment**.  This Settlement shall be binding upon and inure to the benefit of the Settling Parties and their respective estates, heirs, legal representatives, successors and assigns; provided, however that no assignment or transfer of this Settlement shall be permissible except by (i) operation of law, or (ii) pursuant to an order of the Bankruptcy Court.

**Applicable Law**.  This Settlement shall be governed by and construed and enforced in accordance with the laws of the State of Florida to the extent state law is applicable.

**Jurisdiction and Venue**.  The Settling Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce and construe the provisions of this Settlement and the Settling Parties consent to the Bankruptcy Court's exercise of personal and subject matter jurisdiction (including "core" jurisdiction) to adjudicate any disputes that might arise under this Settlement.

**Prevailing Party Fees**.  In the event that litigation results from a default under the terms of this Settlement Agreement, the prevailing party, as determined by a court of competent jurisdiction, shall be entitled to recover reasonable attorney's fees and costs from the non-prevailing party.

12.    **Notice**.  All notices required or permitted to be given under this Settlement shall be in writing and shall be deemed delivered when personally delivered or received from an overnight

11

delivery courier service in addition to service via e-mail, addressed as follows:

If to the Debtor Parties:   57 NE 3rd Ave, Deerfield Beach Fl 33441:

with a copy to: Susan Lasky, PA and Ted P. Galatis, Jr., Esquire as follows:

Susan D. Lasky, P.A.              Ted P. Galatis, Jr., P.A.
320 SE 18th Street                 224 Commercial Boulevard, Ste. 205
Fort Lauderdale , Florida 33305    Lauderdale by the Sea, FL 33308
E-Mail: sue@suelasky.com    E-Mail: tgalatis@galatislaw.com

If to James Kustin:

P.O. Box 1920
Boca Raton, FL 33429

with a copy to:

Gil Singer                         Morgan Edelboim
Marcadis Singer, P.A.              Edelboim Lieberman Revah PLLC
5104 S West Shore Blvd.           20200 W. Dixie Hwy., Suite 905
Tampa, Florida 33161              Miami, FL 33180
                                   Morgan@elrolaw.com

13.    Each party to this Settlement represents and warrants that it is duly authorized to execute this Settlement and that the person through whom each party executes this Settlement is fully and duly empowered and authorized to execute it on the respective party's behalf.

**IN WITNESS WHEREOF**, the Settling Parties hereto have caused this Settlement to be executed and delivered as of the date first above written.

AGREED AND ACCEPTED, This 24ᵗʰ day of ~~June~~ July, 2023:

Greco Build, Inc.
Thomas Greco

Print Name: _Thomas Greco, President_

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to and subscribed before me this 24 day of ~~June~~ July, 2023 by Thomas Greco for Greco Build, Inc., a Florida corporation, who is personally known to me or produced his driver's license as identification.

TED P. GALATIS, JR.
MY COMMISSION # HH 376146
EXPIRES: July 18, 2027

Notary Public, State of Florida

NOTARY SEAL:

---

AGREED AND ACCEPTED, This 24ᵗʰ day of ~~June~~ July, 2023:

Thomas Greco, Individually

Print Name: _THOMAS GRECO_

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to and subscribed before me this 24ᵗʰ day of ~~June~~ July, 2023 by Thomas Greco who is personally known to me or produced his driver's license as identification.

Notary Public, State of Florida

NOTARY SEAL:

TED P. GALATIS, JR.
MY COMMISSION # HH 376146
EXPIRES: July 18, 2027

13

AGREED AND ACCEPTED, This _____ 29 day of June, 2023:

_____
James Kustin, Individually

Print Name: _James Kustin_____


STATE OF FLORIDA
COUNTY OF BROWARD
Sworn to and subscribed before me this 29 day of June, 2023 by James Kustin who is personally known to me or produced his driver's license as identification).

_____
Notary Public, State of Florida

Isabel Sanchez
Comm.: HH 356925
Expires: February 1, 2027
NOTARY SEAL    Notary Public - State of Florida


AGREED AND ACCEPTED, This 24 day of June, July 2023:

_____
Greco Builders, Inc.,

Print Name: _Thomas Greco, ex-President_


STATE OF FLORIDA
COUNTY OF BROWARD
Sworn to and subscribed before me this 24 day of June, July 2023 by Thomas Greco for Greco Builders, Inc., a dissolved Florida corporation, who is personally known to me or produced his driver's license as identification.


TED P. GALATIS, JR.
MY COMMISSION # HH 376146
EXPIRES: July 18, 2027

14

AGREED AND ACCEPTED, This _____ day of July 2023:

**Sharon McCormick, individually**

Print Name: _____

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

Sworn to subscribed before me this _____ day of July 2023 by Sharon McCormick who is.

Personally known to me or produced his driver's license as identification.

_____
**Notary Public/State of Florida**

**NOTARY SEAL:**

TAMMY LOVE
Notary Public - State of Florida
Commission # HH 323853
My Comm. Expires Oct 19, 2026
Bonded through National Notary Assn.

15

Label Matrix for local noticing
113C-0
Case 22-17150-PDR
Southern District of Florida
Fort Lauderdale
Wed Sep 28 19:13:33 EDT 2022

Greco Build, Inc.
57 NE 3 Ave
Deerfield Beach, FL 33441-3526

Alex Plumbing Services
2431 NW 107 Ave
Coral Springs, FL 33065-3614

American Express
POB 297871
Fort Lauderdale, FL 33329-7871

Atty General of US
950 Pennsylvania Ave NW
Room 4400
Washington, DC 20530-0001

Citibank NA Exxon Mobil
c/o ARSI
555 St Charles Dr
Suite 110
Thousand Oaks, CA 91360-3982

Citibank- The Home Depot Comm Card
United Collection Bureau Inc
5620 Southwyck Blvd
Toledo, OH 43614-1501

Corkys Warehouse LLC
48 E Royal Palm Rd
Boca Raton, FL 33432-4823

Energize Electric
10715 SW 17 Place
Davie, FL 33324-7160

First Source Advantage, LLC.
205 Bryant Woods South
Amherst, NY 14228-3609

Greco Builders, Inc.
57 NE 3rd Ave
Deerfield Beach, FL 33441-3526

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

IRS
POB 7346
Philadelphia, PA 19101-7346

Imperio of the Marble
60 SW 8 Ct., #1
Deerfield Beach, FL 33441-8212

James Kustin
c/o Jonathan P Hempfling Esq
Marcadis Singer PA
5104 S Westshore Blvd
Tampa, FL 33611-5650

Mi Bella Casa
Daniel Y Gielchinsky
2875 NE 191 Street
Suite 705
Miami, FL 33180-2803

New Image Pools
5449 NW 24th St
Margate, FL 33063-7774

Niesen Price Worthy Campo PA
5216 SW 91 Dr
Gainesville, FL 32608-3006

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Beach Lifts Inc
1748 Australian Ave N #14
Riviera Beach, FL 33404-5302

Ralph Greco
30355 Hwy North
Okeechobee, FL 34972

Raychelle Tasher, Esq.
Asst Atty General of the US Atty
99 NE 4th Court
Suite 300
Miami, FL 33132-2131

Rohrer Construction
21095 Water Oak Terr
Boca Raton, FL 33428-1720

SBA
409 3rd St SW
Washington, DC 20024-3212

SBA
Disaster Assistance- Area 2
1 Baltimore Pl
Ste 300
Atlanta, GA 30308-2115

Securities and Exchange Commission
Miami Regional Office
Eric I. Bustillo, Regional Director
801 Brickell Ave., Suite 1800
Miami, FL 33131-4901

Sharon McCormick
4611 SE Tomlin Dr
Arcadia, FL 34266-7998

Small Business Administration
Washington, DC 20416-0001

Solar Air Inc
1133 Sawgrass Corp Pkwy
Sunrise, FL 33323-2847

Suntrust
POB 4997
Orlando, FL 32802-4997

Thomas Greco
1214 SE 9th Terrace
Deerfield Beach, FL 33441-7038

US Small Business Administration
Attn Garrett Lenox Paralegal Specialist
US SBA
200 West Santa Ana Blvd., Ste 740
Santa Ana, CA 92701-7534

US Small Business Administration
South Florida District Office
SBA District Office
51 SW 1st Ave., Suite 201
Miami, FL 33130-1608

James I Kustin
Nason Yeager Gerson Harris & Fumero PA
750 Park of Commerce Blvd
Suite 210
Boca Raton, FL 33487-3611

Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213

Susan D. Lasky Esq
320 SE 18 Street
Fort Lauderdale, FL 33316-2818

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS
POB 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Mi Bella Casa, LLC

(u)Sunshien Storage Company
Deerfield Beach, FL

End of Label Matrix
Mailable recipients    35
Bypassed recipients     2
Total                  37